**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CATHLEEN THOMASON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 3: 06-CV-2142** |
| | § | **ECF** |
| **BAYLOR ALL SAINTS MEDICAL CENTER and BAYLOR HEALTH CARE SYSTEM,** | § | |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM ORDER**

The Defendants move the Court to transfer this case, under 28 U.S.C. § 1404, to the Fort Worth Division of the Northern District of Texas where at least one of the Defendants' businesses is located and where the Plaintiff and several potential witnesses reside. Because Defendants, Baylor All Saints Medical Center and Baylor Health Care System, have demonstrated in their motion that the Fort Worth Division is a more convenient forum for this case, the Court **GRANTS** Defendants' Motion to Transfer Venue. **(doc. 9)**.

## I. BACKGROUND

Plaintiff Cathleen Thomason claims that the Defendants violated the Family and Medical Leave Act (FMLA) by giving her job away while she was out on approved leave taking care of her ill daughter. (Compl. ¶¶ 8, 10.) Defendant, Baylor All Saints Medical Center ("All Saints"), located in Fort Worth, Texas employed Plaintiff Cathleen Thomason as a patient care technician for

approximately three years. (Compl. ¶ 6; Borne Aff. ¶ 6.) Thomason alleges that on March 13, 2005 she requested and was granted leave in order to care for her daughter who was suffering from a serious health condition. (Compl. ¶ 8.) She claims that when she attempted to return to work her supervisor informed her that her position had been filled and that she was subsequently terminated. (Compl. ¶ 11.)

Based on the foregoing actions, on November 17, 2006, Plaintiff, a Tarrant County resident, filed suit in the Dallas Division of the United States Northern District of Texas against All Saints and Baylor Health Care System ("Baylor Health"). On December 21, 2006 Defendants moved to transfer the case to the Fort Worth Division maintaining that the forum was more convenient for the parties and the witnesses. Plaintiff did not file a response. The Court now turns to the merits of its decision.

## II. ANALYSIS

Defendants move to transfer venue pursuant to 28 U.S.C. § 1404(a). Under § 1404(a), a district court may transfer a civil action to any other district or division where it might have been brought "for the convenience of the parties and witnesses, in the interest of justice...." The purpose of this rule is to "protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The Court's decision to transfer a case under § 1404(a) is discretionary. *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). The plaintiffs' choice of forum is given substantial deference, however it is not determinative. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003); *see Green v. Burlington Northern and Santa Fe Railway Company,* No. 3:05-CV-1596-L, 2006 U.S. Dist. LEXIS 2143 at *7 (N.D. Tex. January 19, 2006) ("a court may not attribute 'decisive weight' to a plaintiff's choice of forum").

In this case, Defendants All Saints and Baylor Health have the burden of demonstrating why the Fort Worth Division is a more appropriate forum for this action. *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir. 1966); *Von Graffenreid v. Craig*, 246 F. Supp. 2d 553, 563 (N.D. Tex. 2003)(stating that movant must demonstrate that balance of convenience and justice weighs heavily in favor of transfer). Initially, the defendant must show that the case could have been brought in the alternate forum. *Volkswagen*, 371 F.3d at 203. Because Defendant All Saints is located in Fort Worth and the alleged wrong occurred in Fort Worth, this case could have been brought in the Fort Worth Division of the Northern District of Texas. *See* 28 U.S.C. § 1391. Having determined that the action could have been filed in the Fort Worth Division, the Court must now consider whether the interests of convenience and justice would be best served by granting the transfer.

The Court considers a number of private and public interests in its decision. *Volkswagen*, 371 F.3d at 203. Relevant private concerns are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* The public concerns include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law." *Id.* The Court first turns to the private factors and considers them in the context of this case.

**A. Private Concerns**

1. Access to Sources of Proof

Defendants state that the personnel records for Plaintiff, as well as the business records of All

Saints, are located in Fort Worth, Texas. (Defs.' Br. 6) Given the lack of evidence on the amount of documents or on the inconvenience that would be incurred in transporting the records less than 33 miles to Dallas, the Court cannot give this factor much weight.[1] However, because it is not contradicted by the evidence, the Court accepts this statement as true. Thus, this factor slightly favors transferring the case.

2. Availability of Compulsory Process to Secure Attendance of Witnesses

The parties did not specifically address whether compulsory process was available; however, the Court notes that all of the witnesses identified by Defendants reside or are employed within the Northern District of Texas and may therefore be served with a subpoena under Federal Rule of Civil Procedure 45(b)(2). Still, because this factor was not addressed by either party, and is seemingly neutral, it does not affect the decision to transfer in either way.

3. Cost of Attendance for Witnesses

Defendants state, and the evidence shows, that most of the witnesses listed, and probably all other potential witnesses not yet identified, reside or are employed in Tarrant County. (Defs.' Br. 3; Borne Aff. ¶¶ 4-11.) Additionally, Defendants state they know of no witnesses located in Dallas County. (Defs.' Br. 3-4.) While Defendants did not provide information regarding the substance or importance of each witness' testimony, it is clear that all of the listed witnesses are likely to have relevant knowledge regarding the occurrences that gave rise to this claim. *Young v. Armstrong World Industries, Inc.*, 601 F. Supp. 399, 401 (N.D. Tex. 1984) (stating movant must identify the key witnesses and make a statement of what their testimony will cover); *Willi v. Am. Airlines, Inc.,* No. 3:05-CV-0276-M, 2005 U.S. Dist. LEXIS 13974, at *4 (N.D. Tex. July 12, 2005). Vicki Good and Melanie Schneidmiller were supervisors

[1] The distance between the Fort Worth Courthouse and the Dallas Courthouse is roughly 33 miles.

to the Plaintiff during her employment at All Saints and reside or work in Tarrant County. (Borne Aff. ¶¶ 5, 7, 10.) Erin Howard also supervised Plaintiff during her employment at All Saints and is equally inconvenienced by both locations.[2] (*Id.* ¶¶ 5, 9.) Sian Borne, the remaining non-party witness, was directly involved with employment decisions at All Saints and is employed in Fort Worth, Texas. (*Id.* ¶¶ 4, 6, 10.) Thus, keeping the case in the Dallas Division would inconvenience all of the witnesses and needlessly inflate the cost of attendance. Accordingly, this factor weighs in favor of transfer.

4. <u>All Other Practical Problems</u>

The Court notes that both Plaintiff's and Defendants' counsel are located in Dallas, Texas. However, as Defendants point out, location of counsel is irrelevant and should not be considered when making convenience determinations. *Volkswagen*, 371 F.3d at 206. Therefore, this will not influence the Court's decision. No other practical problems were raised by the parties.

Given the factors in favor of transfer to the Fort Worth Division and the lack of witnesses and documents linking this case to Dallas, consideration of the private interests weighs in favor of transfer. Next, the Court turns to the public concerns to be considered in a motion to transfer venue.

**B. Public Interest Concerns**

1. <u>Administrative Difficulties</u>

Defendants state they have a "good faith belief that the Dallas Division has a greater caseload than the Fort Worth Division," and that if it in fact does have a greater caseload, this factor would weigh in favor of transferring the case. (Defs.' Br. 7.) Defendants provide no evidence to support their belief. Additionally, the number of cases in each division does not say anything about the complexity of the

---

[2] The Dallas Courthouse is 108.25 miles from Howard's residence, and the Fort Worth Courthouse is 101.95 miles away.

cases, or the speed at which the average case moves through the court. Because Defendants provide no evidence to show the case would move faster in the Fort Worth Division, this factor does not affect the decision to transfer.

2. Local Interest

As previously discussed, there is no connection between the Dallas Division and the facts of this case. First, the place of the alleged wrong, All Saints Medical Center, is in Fort Worth, Texas. Secondly, most of the relevant witnesses reside or are employed in Tarrant County. Finally, although Defendant Baylor Health is located in Dallas, Defendant All Saints and Plaintiff are both in Tarrant County. Therefore, the Dallas Division has minimal, if any, interest in the litigation of this case. The Fort Worth Division has a significantly greater interest to protect in this litigation. Accordingly, this factor weighs in favor of transfer.

3. Familiarity of Forum with Governing Law and Avoidance of Unnecessary Conflict of Laws

Because this is a transfer within the United States Northern District of Texas and the same law would apply in either division, both of these factors are neutral. Neither the familiarity of the forum with the law nor the avoidance of unnecessary problems of conflict of laws will influence the Court in either direction.

In assessing all of the facts, the Court finds that the public interest factors also favor transfer to the Fort Worth Division.

**C. Dallas v. Fort Worth**

Ordinarily, the 33 miles between the Fort Worth Courthouse and the Dallas Courthouse, would not be sufficiently inconvenient to disturb the plaintiff's choice of forum. *See Jarvis,* 845 F.2d at 528 ("The minor inconvenience Exxon may suffer in having to litigate this case in Tyler -- only 203 miles

distant -- rather than in Houston, can in no rational way support the notion of abuse of discretion."); *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 776 (E.D. Tex. 2000) (stating that "given the advances in transportation and communication, the distance between Marshall and Dallas is negligible."). However, in this case, there appears to be no nexus between the case and the Dallas Division. Plaintiff has attempted to establish a connection by alleging that Defendants are a joint enterprise, a claim that is contradicted by the evidence currently before the Court. (Huntington Aff. 1.) Even accepting that allegation as true, given that all of the relevant parties, witnesses and documents are located in Tarrant County and that Fort Worth is the location where the alleged wrong occurred, that relationship alone would not outweigh the private and public interest concerns favoring transfer. *See Willi*, 2005 U.S. Dist. LEXIS 13974, at *7 (stating the thirty miles from Dallas to Fort Worth is not vast, but the convenience to virtually all of those who have relevant information about the case is a compelling factor).

Given that the various private and public interests heavily weigh in favor of transfer, the Court finds that Defendants have met their burden and that a transfer to the Fort Worth Division is justified. The Court sees no way in which the Plaintiff would be inconvenienced by the transfer, and there has been no showing that any of Plaintiff's witnesses would be inconvenienced by the change in forum. As such, the Court **GRANTS** Defendants' Motion to Transfer Venue.

## III. CONCLUSION

For the reasons stated above, the Court finds that the balance of convenience and the interest of justice would be best served by transferring this action to the Fort Worth Division of the Northern District of Texas. Defendants' Motion to Transfer Venue is accordingly **GRANTED**. The Clerk is directed to transfer this case to the Fort Worth Division of the United States Northern

District of Texas.

**SO ORDERED**

**JUNE 7, 2007**

**JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**